UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, _____ This document relates to: *Wise v. Schering-Plough Corp.*, C03-3790 | MDL NO. 1407 ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the court on a motion for summary judgment filed by defendant Schering-Plough Corporation ("SPC"). Having considered the briefs filed in support of and opposition to this motion, the court finds and rules as follows.

Plaintiff Gary Wise alleges that he suffered a stroke on July 31, 1995 after ingesting an SPC product containing PPA, Coricidin-D.[1] According to SPC, however, Wise has no direct evidence that he took the medication within 72 hours of his stroke, a necessary element of his claim under this court's June

---

[1] Wise also alleges he ingested several other PPA-containing products, but for reasons unknown did not name those products' manufacturers in his complaint.

ORDER
Page - 1 -

18, 2003 *Daubert* order.[2]

Instead, the evidence upon which plaintiff intends to rely includes his wife Mary Wise's testimony (1) that he took Coricidin-D "year round"; (2) that it was his "normal procedure" to take Coricidin-D when he had a headache; and (3) that co-workers of Mr. Wise told her that he was suffering from a head-ache the Friday before his Monday stroke and had been seen "taking something."[3] PFS at 3, Ex. B to Stuart Decl.; Mary Wise Dep. at 55:22-56:2, Ex. D to Stuart Decl.; *Id.* at 56:3-14 and M. Wise Dep. at 57:15-21, Ex. A to Pl.'s Resp. Indeed, the Plaintiff Fact Sheet itself does not identify any medications Wise took within 30 days of his stroke.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the

---

[2]The parties appear to agree, though there has been no official finding, that plaintiff Wise is mentally incapacitated and that his testimony is unreliable. The court need not and does not rely on Mr. Wise's testimony in its ruling herein.

[3]The man who allegedly told Mrs. Wise that Mr. Wise was suffering from a headache, Jerry Reynolds, has since passed away.

ORDER
Page - 2 -

burden of proof. *Celotex*, 477 U.S. at 323.

The court acknowledges in this case that plaintiff has presented no direct evidence of timely ingestion, and that plaintiff may not ultimately prevail. Taking as true all of plaintiff's alleged facts, however, and drawing all reasonable inferences therefrom, the court finds that plaintiff may be able to convince a reasonable jury, based on evidence that it was his "normal procedure" to ingest Coricidin-D when he had a headache, that he ingested the drug in the three-day period preceding his stroke.

For the foregoing reasons, defendant's motion for summary judgment is DENIED.

DATED at Seattle, Washington this 27th day of March, 2006.

*Barbara J. Rothstein*
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

ORDER
Page - 3 -